UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Y.J.R.R., | : | CIVIL NO: 1:25-CV-00799 |
| | : | |
| Petitioner, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| WARDEN MOSHANNON VALLEY | : | |
| ICE PROCESSING CENTER., *et al*., | : | |
| | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I.  Introduction.**

Petitioner Y.J.R.R., who is in immigration detention, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Because Y.J.R.R.  is confined in the Western District of Pennsylvania, we recommend that the court transfer his petition to that district.

**II. Discussion.**

On May 6, 2025, Y.J.R.R. filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Doc. 1*.  He is represented by counsel.  Y.J.R.R. is challenging his immigration detention at the Moshannon Valley Processing Center. *See id.*

The Bureau of Immigration and Customs Enforcement (ICE) took Y.J.R.R.
into custody "[a]t a presently unknown date, time, and location[.]" *Id.* at 1.
According to Y.J.R.R., he "was not informed in advance, and the circumstances of
his apprehension remain unclear." *Id.* at 5.  Y.J.R.R. asserts that "this case reflects
a broader enforcement practice in which ICE agents detain noncitizens in the
community—including those previously under supervision—and record civil
immigration grounds such as inadmissibility or entry without parole in criminal
tracking systems (e.g., NCIC) as 'pending arrests.'" *Id.* at 6.  "Due to these
circumstances, and in the absence of any known legal process or access to
representation, [Y.J.R.R.] remains in detention under conditions presumptively
unlawful and in direct violation of his rights to due process under the U.S.
Constitution and applicable immigration laws." *Id.*

The petition names as the respondents: (1) the Warden of Moshannon Valley
ICE Processing Center; (2) Todd Lyons, the Acting Director of ICE; (3) Kristi
Noem, Secretary of the U.S. Department of Homeland Security; and (4) Pamela
Bondi, the Attorney General of the United States.

"The federal habeas statute straightforwardly provides that the proper
respondent to a habeas petition is 'the person who has custody over [the
petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C.
§ 2242 and citing 28 U.S.C. § 2243, which provides that "[T]he writ, or order to

show cause shall be directed to the person having custody of the person detained"). "The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition." *Id*. Under what is called the "immediate custodian rule," the warden or superintendent of the prison where the petitioner is held is considered the immediate custodian for purposes of a habeas action. *Id*. at 442. "The logic of this rule rests in an understanding that 'the warden . . . has day-to-day control over the prisoner and . . . can produce the actual body." *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021) (quoting *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994)).

Here, Y.J.R.R. is detained at the Moshannon Valley Processing Center. Thus, only the Warden of the Moshannon Valley Processing Center is the proper respondent. Courts and judges may only grant a writ of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). Thus, whether the Moshannon Valley Processing Center is within the Middle District of Pennsylvania determines whether this court has jurisdiction over Y.J.R.R.'s habeas petition.

The Moshannon Valley Processing Center is in the Western District of Pennsylvania. It has an address of 555 Geo Drive, Philipsburg, Pennsylvania. *See* https://www.geogroup.com/facilities/moshannon-valley-processing-center (last

visited May 12, 2025).  Philipsburg is in Centre County, and Centre County is in the Middle District of Pennsylvania.  Thus, it might appear that the Moshannon Valley Processing Center is in the Middle District of Pennsylvania.  But although the Moshannon Valley Processing Center has a Philipsburg address, that does not mean that it is in Philipsburg proper or within Centre County.  Rather, although having a Philipsburg address, the facility is located in adjacent Clearfield County. *See* https://gantnews.com/2021/09/29/moshannon-valley-correctional-facility-to-reopen-as-ice-center/ (last visited May 12, 2025) (describing the facility as "near Philipsburg" and discussing proposed contracts with the Clearfield County Commissioner's, the GEO Group, and ICE regarding the facility); https://www.wesa.fm/courts-justice/2021-09-30/a-new-immigrant-detention-center-will-open-in-former-clearfield-county-prison (last visited May 12, 2025) (describing the facility as in Clearfield County).  And Clearfield County is within the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c).

Courts in this district have repeatedly recognized that the Moshannon Valley Processing Center is in the Western District of Pennsylvania, and they have transferred cases involving that facility to the Western District. *See e.g. Jerez v. Warden of Moshannon Valley Processing Ctr.*, No. 1:23-CV-00306, 2023 WL 4112151, at *2 (M.D. Pa. June 21, 2023) (transferring 28 U.S.C. § 2241 habeas petition to the Western District of Pennsylvania because the petitioner was

detained at the Moshannon Valley Processing center); *McCleod v. US Immigr. &
Enf't Det. & Removal Operations*, No. 1:23-CV-00052, 2023 WL 1485075, at *2
(M.D. Pa. Jan. 17, 2023) (recommending that 28 U.S.C. § 2241 habeas petition be
transferred to the Western District because the petitioner was detained at the
Moshannon Valley Processing Center, which is in the Western District of
Pennsylvania), *report and recommendation adopted*, 2023 WL 1475073, at *1
(M.D. Pa. Feb. 2, 2023); *Miller v. Mannion*, No. 1:22-CV-00840, 2022 WL
3044650, at *3 (M.D. Pa. July 11, 2022) (same), *report and recommendation
adopted*, 2022 WL 3036047, at *1 (M.D. Pa. Aug. 1, 2022); *Henry v. Lynch*, No.
3:16-CV-2451, 2017 WL 126129, at *1 (M.D. Pa. Jan. 12, 2017) ("The
"Moshannon Valley Correctional Center[1] is located in Philipsburg, Clearfield
County, Pennsylvania.  Clearfield County is in the Western District of
Pennsylvania. *See* 28 U.S.C. § 118(c).  . . .  Thus, this Court does not have
jurisdiction over the instant habeas petition and the action will be transferred to the

---

[1] The Moshannon Valley Correctional Facility was once a private facility
owned by the GEO Group, Inc. that contracted with the Federal Bureau of Prisons
to house federal prisoners. *See* https://www.thecourierexpress.com/news/ geos-
moshannon-valley-correctional-facility-loses-federal-contract/article_c7896d80-
0dc6-5cb4-a1b0-9bce70879317.html (last visited Apr. 1, 2025).  It has since been
repurposed as an immigration detention facility. *See* https://www.geogroup.
com/FacilityDetail/FacilityID/67 (last visited Apr. 1, 2025) ("The Moshannon
Valley Processing Center is a privately owned and operated secure immigration
processing center.").  Thus, what is now called the Moshannon Valley Processing
Center was formerly called the Moshannon Valley Correctional Facility.

Western District of Pennsylvania."); *Camacho v. United States*, No. 1:15-CV-0606, 2015 WL 1913025, at *1 (M.D. Pa. Apr. 24, 2015) (transferring 2241 habeas petition to the United States District Court of the Western District of Pennsylvania given that the petitioner was detained at the Moshannon Valley Correctional Center).

Likewise, the United States District Court for the Western District of Pennsylvania recognizes that the Moshannon Valley Processing Center is located in that district. *See, e.g.*, *Akhmadjanov v. Oddo*, No. CV 3:25-35, 2025 WL 660663, at *2 (W.D. Pa. Feb. 28, 2025) (addressing petition for a writ of habeas corpus of petitioner, who was detained at the Moshannon Valley Processing Center); *Sanchez-Delatorre v. United States*, No. 3: 20-CV-0018, 2020 WL 8812807, at *1 (W.D. Pa. Aug. 17, 2020) ("At the time of his filing, Petitioner was confined at the Moshannon Valley Correctional Center in Philipsburg, Clearfield County, Pennsylvania, which is located in the Western District of Pennsylvania. . . . Accordingly, the case was transferred to this Court on January 31, 2020."); *Norfolk v. GEO Grp., Inc.*, No. 3:17-CV-204, 2020 WL 1873991, at *1 (W.D. Pa. Apr. 15, 2020) (observing that the "[d]efendant operates a private prison in Clearfield County, Pennsylvania" and concluding that venue of that civil action regarding events the Moshannon Valley Correctional Center was proper in that district because a substantial portion of the events giving rise to claims occurred in

the Western District of Pennsylvania).  As has the United States Court of Appeals for the Third Circuit. *See Tsoukalas v. United States*, 215 F. App'x 152 (3d Cir. 2007) (observing that the petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania "[w]hile incarcerated at the Moshannon Valley Correctional Facility in Clearfield County, Pennsylvania," reasoning that a § 2241 habeas petition must be filed in the district having jurisdiction over the petitioner's custodian, which in that case was the Western District of Pennsylvania, and concluding that the Middle District lacked jurisdiction to hear the petition).

Because Y.J.R.R. is detained at the Moshannon Valley Processing Center, which is in the Western District of Pennsylvania, this court does not have jurisdiction over Y.J.R.R.'s habeas petition.

When a federal court lacks jurisdiction, it may transfer the case to another federal court that does have jurisdiction if it is in the interest of justice to do so. *See* 28 U.S.C. § 1631.  "In determining whether transfer is 'in the interest of justice,' courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *United States v. Banks*, 372 F. App'x 237, 239 (3d Cir. 2010) (quoting § 1631).

7

We conclude that it would be in the interest of justice to transfer this action. Although we reject Y.J.R.R.'s suggestion that he is detained in this district, we cannot say that he took that position in bad faith. And there do not appear to be any equitable factors that would weigh against transfer. As many of the above-cited cases show, courts often transfer under these circumstances. *See Jerez*, 2023 WL 4112151, at *2 (transferring the case to the Western District of Pennsylvania); *McCleod* 2023 WL 1475073, at *1 (same); *Miller,* 2022 WL 3036047, at *1 (M.D. Pa. Aug. 1, 2022) (same); *Henry*, 2017 WL 126129, at * 2 (same); *Camacho*, 2015 WL 1913025, at *1 (same). Thus, we will recommend that the court transfer this case to the Western District of Pennsylvania.

## III.  Recommendation.

Based on the foregoing, we recommend that the court transfer this case to the United States District Court for the Western District of Pennsylvania.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A

judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of May, 2025.

**_S/Susan E. Schwab_**
Susan E. Schwab
United States Magistrate Judge